627 F.2d 136
 104 L.R.R.M. (BNA) 3173, 89 Lab.Cas. P 12,199
 Murray R. SORENSEN, Davey J. Horn, Ed P. Murphy, Tom E.
Taylor, Lee L. Moreland, Robert E. Poole, Emil
Kudera, Fred V. Skinner, Ed K. Madsen,
Frank G. Jerkovich and Kenney
L. Way, Sr., Appellants,
v.
CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, a
corporation, Appellee.
 No. 79-1684.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1980.
Decided Aug. 1, 1980.
 
 Jeffrey L. Stoehr, McGrath, North, O'Malley & Kratz, Omaha, Neb., for appellants.
 Harry B. Otis, Gaines, Otis, Mullen & Carta, Omaha, Neb., for appellee.
 Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 This case stems from the merger in 1968 of the Chicago Great Western Railway Company into the Chicago and North Western Railway Company. The defendant-appellee is the company that resulted from the merger; plaintiff-appellants are employees or former employees of the defendant who claim that they have been denied certain of the protections afforded them, pursuant to 49 U.S.C. § 5(2) (f), by the ICC orders approving the merger and a subsequent protective agreement entered into by their union and the defendant. The district court granted defendant's motion for summary judgment as to both of the causes of action asserted in the complaint, see Sorensen v. Chicago & North Western Transp. Co., 476 F.Supp. 1125 (D.Neb.1979), and this appeal followed.
 
 
 2
 Plaintiffs' first cause of action is based on alleged breaches by defendant of the protective agreement between the union and the defendant. The district court dismissed this cause for want of subject matter jurisdiction. This disposition was proper. The crux of the matter is that (1) plaintiffs' first cause of action is not based on any contention that the protective agreement itself violates or substantially abrogates any of the ICC orders approving the merger; (2) Article 14 of the protective agreement provides for the final and binding arbitration of disputes arising under the provisions of the agreement; (3) Article 14 is entirely consistent with the requirements of the New Orleans Union Passenger Case, 282 I.C.C. 271 (1952), whose protections were originally imposed in this case by the ICC; (4) the dispute underlying plaintiffs' first cause of action has in fact been arbitrated and an award made; and (5) plaintiffs have never perfected an appeal from that award, and the time for doing so has expired. It follows that the district court is without jurisdiction to entertain the first cause of action. This is so (1) whether or not arbitration of the underlying dispute would have been mandatory under the provisions of the ICC order or Article 14 of the protective agreement, compare Nemitz v. Norfolk & Western Ry. Co., 436 F.2d 841 (6th Cir.), aff'd, 404 U.S. 37, 92 S.Ct. 185, 30 L.Ed.2d 198 (1971) with Batts v. Louisville and Nashville R. R. Co., 316 F.2d 22 (6th Cir. 1963), since in any case the dispute was submitted to arbitration by the parties; and (2) whether or not the protective agreement is properly regarded as having the force of an ICC order, compare Nemitz, supra, with Arnold v. Louisville and Nashville R. R. Co., 180 F.Supp. 429 (M.D.Tenn.1960), aff'd sub nom. Batts v. Louisville and Nashville R. R. Co., supra, since the dispute was subject to final and binding arbitration in either case.
 
 
 3
 Plaintiffs' second cause of action requests review of the award rendered by Public Law Board No. 1811 in an arbitration proceeding closely related to the one just discussed. Such review is available on a limited basis under 45 U.S.C. § 153 First (q). Upon its review of the summary judgment record, the district court found that
 
 
 4
 the award of Public (Law Board) No. 1811 did not exceed the scope of the Board's authority; it is not arbitrary, capricious or contrary to the law. The award has ample factual and legal foundation and properly addresses itself to the issues which were placed before the Board.
 
 
 5
 476 F.Supp. at 1134. No error appears in these findings, which are dispositive of plaintiffs' second cause of action.
 
 
 6
 Affirmed.
 
 
 
 *
 The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation