822 F.2d 810
 125 L.R.R.M. (BNA) 3354, 107 Lab.Cas. P 10,030
 BURLINGTON NORTHERN JOINT PROTECTIVE BOARD, BROTHERHOOD
RAILWAY CARMEN OF THE UNITED STATES AND CANADA,
AFL-CIO-CLC, Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, et al., Appellees.
 No. 86-2170.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 17, 1987.
Decided July 7, 1987.
 
 1
 Kenneth E. Rudd, St. Louis, Mo., for appellant.
 
 
 2
 Thomas J. Knapp, Fort Worth, Tex., for appellees.
 
 
 3
 Before LAY, Chief Judge, and WOLLMAN, Circuit Judge, and BOGUE,* Senior District Judge.
 
 
 4
 BOGUE, District Judge.
 
 
 5
 Burlington Northern Joint Protective Board, Brotherhood Railway Carmen of the United States and Canada, AFL-CLC (hereinafter BRC) appeals from the district court's denial of its request for injunctive relief as well as from the district court's dismissal of its complaint. BRC predicates its claims that the district court erred on several bases. After carefully considering the record and briefs, we affirm.
 
 
 6
 The facts giving rise to the instant controversy are briefly as follows. On May 14, 1986, Burlington Northern Railroad Company and Burlington Northern, Inc. (hereinafter BN) notified all employees, as well as the general chairmen of the employees' respective labor organizations, of the transfer of certain freight car repair work from a shop in Missouri to a shop in Nebraska, the elimination of the carmen's positions at the Missouri shop and the establishment of those positions at the Nebraska shop. Various communications between the parties followed concerning, amongst other things, the correct characterization of the transfer, i.e., whether or not it constituted a transaction subject to the New York Dock protective conditions[1] of the Interstate Commerce Commission's order in Burlington Northern, Inc. Control and Merger-St. Louis-San Francisco Railway Company, Finance Docket No. 28583, 360 I.C.C. 788 (1980). At a June 30, 1986 meeting and by a letter dated July 2, 1986, BRC invoked arbitration under the New York Dock provisions. BN has maintained from the outset that the relevant closure and transfer of work were operational changes which could be instituted after ninety days notice in accordance with the Mediation Agreement, a collectively bargained agreement under the Railway Labor Act, 45 U.S.C. Sec. 151, et seq. BRC continues to maintain that the business decisions are "transactions" entitled to New York Dock protections.
 
 
 7
 After BRC had instituted arbitration proceedings, it then commenced the instant action in federal district court. Essentially, in counts I and II of Plaintiff's complaint, BRC sought to enjoin the defendant from abolishing the positions of 25 carmen and transferring their work from one facility to another until the defendant had complied with Section 4 of the protective conditions set forth in New York Dock.
 
 
 8
 The district court determined that it lacked subject matter jurisdiction to decide the dispute because the plaintiff had already elected to submit the controversy to binding arbitration for resolution. Section 11 of the New York Dock conditions provides that:
 
 
 9
 In the event a railroad and its employees or their authorized representatives cannot settle any dispute or controversy with respect to interpretation, application or enforcement of any provision of this appendix, except sections 4 and 12 of this article I, within 30 days after the dispute arises, it may be referred by either party to an arbitration committee.
 
 
 10
 The district court reasoned that the controversy before it involved an interpretation of the meaning of the word "transaction" which is defined in Section 1(a) of the New York Dock conditions. Therefore, in accordance with Section 11 of the conditions, the dispute had appropriately been submitted to arbitration. The district court also concluded that the submission of the dispute to arbitration deprived it of subject matter jurisdiction. We agree with this conclusion. See Sorenson v. Chicago and Northwestern Transportation Company, 627 F.2d 136, (8th Cir.1980).
 
 
 11
 The third count of Plaintiff's complaint seeks discovery of certain factual information pertaining to the controversy at issue. Because this Court has determined that the relevant dispute was appropriately submitted to final and binding arbitration, we agree with the district court that, under the facts and circumstances of this case, the ordering of discovery which, in essence, pertains to a matter in binding arbitration would be inappropriate.
 
 
 12
 Accordingly, we affirm the district court's order denying plaintiff's request for injunctive relief, dismissing plaintiff's complaint and denying plaintiff's request for discovery.
 
 
 
 *
 The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The term New York Dock conditions originates from the case entitled New York Dock Railway-Control-Brooklyn Eastern District 360 ICC 60 (1979) in which the ICC set forth employee protective conditions appropriate in certain rail transactions for which approval is sought pursuant to 49 U.S.C. 11343 et seq